BUTTS, Justice.
This ease involves competing class actions where the complaints contain substantially identical class allegations. Patricia Harris filed a class action complaint against Liberty National Life Insurance Company and other defendants in the Jefferson Circuit Court in March 1996, alleging various claims in relation to the sale of cancer insurance policies (“the Harris action”). The Harris action was still pending, although it had not yet been certified as a class action by the Jefferson Circuit Court, when, a year later, in March 1997, Tommie L. Gentry filed a similar individual action against Liberty National in the St. Clair Circuit Court (“the Gentry action”). The complaint initiating the Gentry action did not contain class allegations, but in April 1997, a month after it was filed, and after the trial court in the Harris action had scheduled a class certification hearing in Harris for June 1997, the plaintiff in the Gentry action amended his complaint to add class allegations. A conditional class certification hearing was held in the Gentry action almost immediately, and the St. Clair Circuit Court certified the Gentry action as a class action before the class certification hearing could be held in the earlier-filed Harris action.
The plaintiff in the Harris action has filed with this Court a petition for a writ of mandamus, asking us to order Judge Robert E. Austin of the St. Clair Circuit Court to decertify the Gentry class so that Judge Edward L. Ramsey of the Jefferson Circuit Court can hold a class certification hearing in the Harris action. We grant the writ. In Ex parte First National Bank of Jasper, [Ms. 1961542, Dec. 16, 1997] — So.2d -, -(Ala.1997), this Court held that “a court lacks subject-matter jurisdiction over an action containing class allegations, as long as there is pending in another court a prior-filed action involving substantially identical class allegations.” (Emphasis original.) Thus, because the Harris action in the Jefferson Circuit Court, containing class allegations, was filed before the class allegations were added in the Gentry action in the St. Clair Circuit Court, the St. Clair Circuit Court was without subject matter jurisdiction over the class action claims and its order certifying the Gentry action as a class action is without effect.
WRIT GRANTED.
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, and SEE, JJ„ concur.
MADDOX, J., concurs in the result.
SHORES, J., recuses herself.